UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO: 1:17-cv-4386 |
| ) | |
| PLANNED PARENTHOOD ADVOCATES ) | |
| OF INDIANA AND KENTUCKY, INC. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Ms. Angela Brown, hereinafter Ms. Brown, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files her Complaint against the Defendant, Planned Parenthood Advocates of Indiana and Kentucky, Inc., hereinafter Defendant, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 and violation of the Family Medical Leave Act of 1993, 29 U.S.C. §2601 et seq. ("FMLA").

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Ms. Brown, is a female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.

5. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

6. Defendant is a domestic non-profit organization registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about March 28, 2017, Ms. Brown filed timely charges of Disability Discrimination with the Equal Employment Opportunities Commission ("EEOC"), Charge No. 24E-2017-00100. .

8. On or about August 29, 2017, Ms. Brown received a Notice of Right to Sue from the EEOC for Charge Number 24E-2017-00100, entitling her to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## **FACTS**

10. The Defendant hired Ms. Brown on or about September 30, 2013.

11. Throughout her employment with Defendant, Ms. Brown met or exceeded Defendant's legitimate expectations of performance.

12. On or about June 13, 2016, Ms. Brown provided the Defendant with notice of her disability, which was a diagnosis of cervical cancer.

13. Due to her disability Ms. Brown had to undergo frequent doctor visits.

14. Ms. Brown had to have a biopsy performed every three (3) months.

15. The Defendant made it difficult for Ms. Brown to take a day off every three (3) months in order to have her biopsy performed.

16. The Defendant told Ms. Brown to schedule her biopsies for Monday's as that would make it easier for her to have the day off.

17. The Defendant continued to make it difficult for Ms. Brown to get the day off for her biopsy, even when scheduled on Mondays.

18. Ms. Brown informed the Defendant that she was going to have surgery due to her disability.

19. The day before her surgery, Ms. Brown called off of work due to pain and bleeding associated with her disability.

20. The Defendant texted Ms. Brown stating "you will not take off without a valid reason."

21. Ms. Brown had never called into work prior to this date.

22. When Ms. Brown returned to work after surgery she had restrictions.

23. It was difficult for Ms. Brown to sit due to her disability.

24. If and when Ms. Brown did sit she needed a comfortable chair.

25. On or about March 20, 2017, approximately two (2) weeks after Ms. Brown's surgery there was a staff meeting.

26. When Ms. Brown arrived for the staff meeting there were no open chairs.

27. Ms. Brown felt that standing was better for her anyway due to her disability.

28. Ms. Brown would have had to violate her restrictions in order to carry a chair into the room.

29. Ms. Brown opted to stand due to these complications caused by her disability.

30. Ms. Brown was terminated on or about March 20, 2017 for standing during the staff meeting.

31. Ms. Brown was told that her standing during the staff meeting was "intimidating" and "disrespectful" towards the Vice President.

32. Ms. Brown had no prior discipline.

33. Ms. Brown had no discipline for performance.

34. The Defendant intentionally and willfully discriminated against Ms. Brown due to her disability.

35. The Defendant failed to accommodate Ms. Brown's disability.

36. The Defendant failed to properly advise Ms. Brown of her rights under FMLA during the course of her disability and necessary treatments.

37. Ms. Brown was treated differently by management and co-workers after informing them of her disability.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Ms. Brown, for her first claim for relief against Defendant, states as follows:

38. Ms. Brown hereby incorporates by reference paragraphs 1 through 37 as though previously set out herein.

39. At all times relevant to this action, Ms. Brown was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

40. The conduct as described hereinabove constitutes discrimination on the basis of Ms. Brown's disability.

41. Defendant intentionally and willfully discriminated against Ms. Brown because she is disabled and/or because Ms. Brown has a record of being disabled and/or because Defendant regarded Ms. Brown as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

42. Defendant's actions were intentional, willful and in reckless disregard of Ms. Brown's rights as protected by the ADA and Title VII.

43. Ms. Brown has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## FAMILY MEDICAL LEAVE ACT

44. Ms. Brown hereby incorporates by reference paragraphs 1 through 43 as though previously set out herein.

45. Defendant terminated Ms. Brown without advising her of her rights under the FMLA.

46. Ms. Brown had numerous appointments and the Defendant made it difficult for her to be absent from work in order to attend these appointments, at no point did the Defendant allow Ms. Brown to use FMLA for these appointments.

47. The Defendant terminated Ms. Brown in retaliation for attempting to use FMLA for her surgery and other treatments.

48. Defendant's termination of Ms. Brown was in violation of her rights under the FMLA.

49. Defendant failed to give Ms. Brown notice of her rights under the FMLA.

50. Defendant's actions were intentional, willful, malicious and done in reckless disregard of Ms. Brown's legal rights under the FMLA.

51. Ms. Brown has suffered economic damages as a result of Defendant's unlawful acts.

52. Ms. Brown has suffered emotional distress damages as a result of Defendant's unlawful acts.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Ms. Brown, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Ms. Brown her lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f.  Pay for lost future wages

g.  Pay to Ms. Brown all costs and attorney's fees incurred as a result of bringing this action;

h.  Payment of all pre- and post judgment interest;

i.  Provide to Ms. Brown all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff, Ms. Brown, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff