UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA BROWN,<br><br>   Plaintiff,<br><br> v.<br><br>PLANNED PARENTHOOD ADVOCATES OF<br>INDIANA AND KENTUCKY, INC.,<br><br>   Defendant. | CAUSE NO.: 1:17-cv-04386-RLY-TAB |

**DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, improperly sued as Planned Parenthood Advocates of Indiana and Kentucky, Inc., by counsel, answers Plaintiff's Complaint and Demand for Jury Trial ("Complaint") in accordance with its numbered paragraphs, as follows:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to § 28 U.S.C. §451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), 42 U.S.C. §1981 and violation of the Family Medical Leave Act of 1993, 29 U.S.C. §2601 et seq. ("FMLA").

**ANSWER**: Defendant admits this Court has jurisdiction over the litigation and admits Plaintiff brings claims under the Americans with Disabilities Act, as amended ("ADA"), and the Family Medical Leave Act of 1993 ("FMLA"). Defendant denies it violated the ADA, FMLA, or any law with respect to Plaintiff or her employment and denies the remaining allegations in Complaint Paragraph 1.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. §12117(a) and 28 U.S.C. §1391.

**ANSWER**: Defendant admits this Court is a proper venue for this action. Defendant denies the remaining allegations in Complaint Paragraph 2.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 3.

## PARTIES

4. The Plaintiff, Ms. Brown, is a female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.

**ANSWER**: Defendant admits Ms. Brown is female and a United States citizen. Defendant denies the remaining allegations in Complaint Paragraph 4.

5. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

**ANSWER**: Defendant admits it employed Plaintiff. Defendant denies the remaining allegations in Complaint Paragraph 5.

6. Defendant is a domestic non-profit organization registered with the Indiana Secretary of State.

**ANSWER**: Defendant admits the allegations in Complaint Paragraph 6.

## ADMINISTRATIVE PROCEDURES

7. On or about March 28, 2017, Ms. Brown filed timely charges of Disability Discrimination with the Equal Employment Opportunities Commission ("EEOC"), Charge No. 24E-2017-00100.

**ANSWER**: Defendant admits Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), admits that the Charge was dated March 28, 2017, and admits that the Charge was assigned Charge No. 24E-2017-00100. Defendant is

without knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Complaint Paragraph 7.

8. On or about August 29, 2017, Ms. Brown received a Notice of Right to Sue from the EEOC for Charge Number 24E-2017-00100, entitling her to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

**ANSWER**: Defendant admits that the EEOC issued a Dismissal and Notice of Rights for Charge Number 24E-2017-00100 after dismissing Plaintiff's Charge with a no probable cause finding on August 29, 2017, that the Dismissal notified Plaintiff a lawsuit must be filed within 90 days, and that a copy of the Dismissal and Notice of Rights is attached to the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Complaint Paragraph 8.

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

**ANSWER**: Defendant admits this action was commenced 90 days after the date the EEOC issued a Dismissal and Notice of Rights for Charge Number 24E-2017-00100.

## FACTS

10. The Defendant hired Ms. Brown on or about September 30, 2013.

**ANSWER**: Defendant admits the allegations in Complaint Paragraph 10.

11. Throughout her employment with Defendant, Ms. Brown met or exceeded Defendant's legitimate expectations of performance.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 11.

12. On or about June 13, 2016, Ms. Brown provided the Defendant with notice of her disability, which was a diagnosis of cervical cancer.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 12.

13. Due to her disability Ms. Brown had to undergo frequent doctor visits.

3

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 13.

14. Ms. Brown had to have a biopsy performed every three (3) months.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 14.

15. The Defendant made it difficult for Ms. Brown to take a day off every three (3) months in order to have her biopsy performed.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 15.

16. The Defendant told Ms. Brown to schedule her biopsies for Monday's as that would make it easier for her to have the day off.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 16.

17. The Defendant continued to make it difficult for Ms. Brown to get the day off for her biopsy, even when scheduled on Mondays.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 17.

18. Ms. Brown informed the Defendant that she was going to have surgery due to her disability.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 18.

19. The day before her surgery, Ms. Brown called off of work due to pain and bleeding associated with her disability.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 19.

20. The Defendant texted Ms. Brown stating "you will not take off without a valid reason."

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 20.

21. Ms. Brown had never called into work prior to this date.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 21.

22. When Ms. Brown returned to work after surgery she had restrictions.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 22.

23. It was difficult for Ms. Brown to sit due to her disability.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 23.

24. If and when Ms. Brown did sit she needed a comfortable chair.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 24.

25. On or about March 20, 2017, approximately two (2) weeks after Ms. Brown's surgery there was a staff meeting.

**ANSWER**: Defendant admits that in or about March 2017, there was a staff meeting. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff had surgery. Defendant denies the remaining allegations in Complaint Paragraph 25.

26. When Ms. Brown arrived for the staff meeting there were no open chairs.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 26.

27. Ms. Brown felt that standing was better for her anyway due to her disability.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 27.

28. Ms. Brown would have had to violate her restrictions in order to carry a chair into the room.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 28.

29. Ms. Brown opted to stand due to these complications caused by her disability.

**ANSWER**: Defendant admits that Plaintiff stood. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Complaint Paragraph 29.

30. Ms. Brown was terminated on or about March 20, 2017, for standing during the staff meeting.

**ANSWER**: Defendant admits that Plaintiff's employment was terminated on or about March 20, 2017. Defendant denies the remaining allegations in Complaint Paragraph 30.

31. Ms. Brown was told that her standing during the staff meeting was "intimidating" and "disrespectful" towards the Vice President.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 31.

32. Ms. Brown had no prior discipline.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 32.

33. Ms. Brown had no discipline for performance.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 33.

34. The Defendant intentionally and willfully discriminated against Ms. Brown due to her disability.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 34.

35. The Defendant failed to accommodate Ms. Brown's disability.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 35.

36. The Defendant failed to properly advise Ms. Brown of her rights under FMLA during the course of her disability and necessary treatments.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 36.

37. Ms. Brown was treated differently by management and co-workers after informing them of her disability.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 37.

## COUNT I

38. Ms. Brown hereby incorporates by reference paragraphs 1 through 37 as though previously set out herein.

**ANSWER**: Defendant incorporates by reference Paragraphs 1 through 37 of this Answer as if fully restated herein as its answer to Complaint Paragraph 38.

39. At all times relevant to this action, Ms. Brown was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 39.

40. The conduct as described hereinabove constitutes discrimination on the basis of Ms. Brown's disability.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 40.

41. Defendant intentionally and willfully discriminated against Ms. Brown because she is disabled and/or because Ms. Brown has a record of being disabled and/or because Defendant regarded Ms. Brown as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 41.

42. Defendant's actions were intentional, willful and in reckless disregard of Ms. Brown's rights as protected by the ADA and Title VII.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 42.

43. Ms. Brown has suffered emotional and economic damages as a result of Defendant's unlawful actions.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 43.

## COUNT II

44. Ms. Brown hereby incorporates by reference paragraphs 1 through 43 as though previously set out herein.

**ANSWER**: Defendant incorporates by reference Paragraphs 1 through 43 of this Answer as if fully restated herein as its answer to Complaint Paragraph 44.

US.116083869.01

45. Defendant terminated Ms. Brown without advising her of her rights under the FMLA.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 45.

46. Ms. Brown had numerous appointments and the Defendant made it difficult for her to be absent from work in order to attend these appointments, at no point did the Defendant allow Ms. Brown to use FMLA for these appointments.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 46.

47. The Defendant terminated Ms. Brown in retaliation for attempting to use FMLA for her surgery and other treatments.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 47.

48. Defendant's termination of Ms. Brown was in violation of her rights under the FMLA.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 48.

49. Defendant failed to give Ms. Brown notice of her rights under the FMLA.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 49.

50. Defendant's actions were intentional, willful, malicious and done in reckless disregard of Ms. Brown's legal rights under the FMLA.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 50.

51. Ms. Brown has suffered economic damages as a result of Defendant's unlawful acts.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 51.

52. Ms. Brown has suffered emotional distress damages as a result of Defendant's unlawful acts.

**ANSWER**: Defendant denies the allegations in Complaint Paragraph 52, denies that Plaintiff is entitled to relief in this action as requested in the Requested Relief section of the Complaint or otherwise, and denies each and every Complaint allegation not expressly admitted in this Answer.

US.116083869.01

## ADDITIONAL AND/OR AFFIRMATIVE DEFENSES

### FIRST DEFENSE

One or more of Plaintiff's claims fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

To the extent any of Plaintiff's claims were brought outside the applicable statute of limitations period, they are barred.

### THIRD DEFENSE

To the extent any of Plaintiff's claims were not made the subject of a timely EEOC charge, they are barred by Plaintiff's failure to pursue and exhaust administrative remedies.

### FOURTH DEFENSE

To the extent Plaintiff's claims are outside the scope of her EEOC Charge, they are barred.

### FIFTH DEFENSE

To the extent any of Plaintiff's claims were not brought within 90 days of her receipt of applicable EEOC Dismissal and Notice of Rights, they are barred.

### SIXTH DEFENSE

To the extent Plaintiff seeks an award for any physical, mental, psychological, or emotional injuries that she allegedly sustained arising out of and in the course of her employment, Plaintiff's claim is barred by the exclusive remedy provisions of the Indiana Worker's Compensation Act and/or the Indiana Occupational Diseases Act.

### SEVENTH DEFENSE

All actions Defendant took with respect to Plaintiff's employment were based on legitimate, nondiscriminatory, and nonretaliatory reasons.

## EIGHTH DEFENSE

To the extent Plaintiff can establish liability and damages, which Defendant denies, Defendant has no liability for damages caused by her failure to mitigate.

## NINTH DEFENSE

To the extent Plaintiff can establish liability and damages, which Defendant denies, Plaintiff's damages may be limited by the after-acquired evidence doctrine.

## TENTH DEFENSE

Any damages alleged by Plaintiff may be subject to off-set by other and/or subsequent income she received.

## ELEVENTH DEFENSE

Plaintiff cannot meet the standards for establishing entitlement to liquidated and/or punitive damages.

## TWELFTH DEFENSE

To the extent Plaintiff is seeking punitive damages on claims for which such damages are recoverable by law, the Complaint and each purported cause of action alleged therein fail to allege facts sufficient to allow recovery of punitive damages.

## THIRTEENTH DEFENSE

To the extent Plaintiff is seeking punitive damages on claims for which such damages are recoverable by law and can establish liability, which Defendant denies, Defendant may not be liable for punitive damages to the extent any of its agents made decisions that were contrary to its good faith efforts to comply with the law.

**FOURTEENTH DEFENSE**

To the extent Plaintiff is seeking punitive damages on claims for which such damages are recoverable by law and can establish liability, Plaintiff is not entitled to punitive damages because Defendant's actions were not malicious, egregious, in bad faith, or in willful or reckless disregard of any legal rights of Plaintiff.

**FIFTEENTH DEFENSE**

Defendant acted in good faith at all times, and all decisions made by Defendant and all actions relating in any way to Plaintiff were legitimate, nondiscriminatory, and nonretaliatory.

**SIXTEENTH DEFENSE**

Because the Complaint is pled in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action and, therefore, reserves the right to assert any and all additional and/or affirmative defenses that may become applicable based on information learned during discovery.

WHEREFORE, Defendant respectfully requests that Plaintiff take nothing by way of her Complaint or any count thereof, that the Court enter judgment in Defendant's favor, and that the Court award Defendant its costs and all other just and proper relief.

Date: January 19, 2018                    Respectfully submitted,

FAEGRE BAKER DANIELS LLP

/s/ Rozlyn M. Fulgoni-Britton
Rozlyn M. Fulgoni-Britton (Ind. Atty. 28574-49)
Adriana Figueroa (Ind. Atty. No. 33776-49)
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
rozlyn.fulgoni-britton@FaegreBD.com
adriana.figueroa@FaegreBD.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2018, the foregoing was filed electronically. Parties may access this filing through the Court's system. Notice of this filing will be sent to the following by operation of the Court's electronic filing system:

Heather R. Falks
David W. Stewart
STEWART & STEWART ATTORNEYS
931 South Rangeline Road
Carmel, IL  46033
heatherf@getstewart.com
dws@getstewart.com

/s/ Rozlyn M. Fulgoni-Britton

13
US.116083869.01